

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-3922
Re: Occupation tax on utilities

We have received your letter of August 28, 1941, in which you enclose a letter to you from Mr. E. A. Perrin, Superintendent of the Cameron Public Schools. Mr. Perrin's letter reads in part as follows:

"The Cameron School District is a school district in which the city has assumed control. The city tax assessor collects our tax, both maintenance and bond. The city council turns over to our treasurer 75¢ on $100.00 assessed valuation for the maintenance of our school. They pay the bonded indebtedness direct. Our school board is elected.

"The Legislature recently approved a special tax which should be paid to the city governments by the utility companies. The electric company, the water company, the gas company, and the telephone company pay to the city approximately $2,500.00 annually. I suppose this is an occupation tax.

"I wish to know if the schools are entitled to participate in this tax and if so, to what extent."

The Forty-seventh Legislature at its regular session passed House Bill 8, the Omnibus Tax Law. Article 7070, R.C.S., as amended by Article IV of House Bill 8 levies a State occupation tax on telephone companies. However, section 2 of Article 7070, as amended, reads as follows:

"(2) No city or other political subdivision
of this State, by virtue of its taxing power,
police power, or otherwise, shall impose an occu-
pation tax or charge of any sort, for the privilege
of doing business, upon any person, corporation,
or association required to pay an occupation tax
under this Article; provided, that nothing in this
Article shall be construed to prohibit the collection
of ad valorem taxes as provided or not prohibited by
law, or any tax now imposed by franchise, and provided
further that this Article shall not affect any con-
tract now in existence or hereafter made between a
city and the holder of a franchise."

Article 7060, R.C.S., as amended by Article V
of House Bill 8, levies a state occupation tax on gas
companies, electric light companies, electric power com-
panies, and water works or water and light plants located
in any incorporated town or city and used for local sale and
distribution. However, the following provision appears:

"No city or other political subdivision of
this State, by virtue of its taxing power,
proprietary power, police power or otherwise,
shall impose an occupation tax or charge of any
sort upon any person, corporation, or association
required to pay an occupation tax under this
Article. Nothing in this Article shall be con-
strued as affecting in any way the collection of
ad valorem taxes authorized by law; nor impairing
or altering in any way the provisions of any
contracts, agreements, or franchises now in
existence, or hereafter made between a city and a
public utility, relating to payments of any sort
to a city. Nothing in this Article shall be con-
strued as prohibiting an incorporated city or town
from making a reasonable charge, otherwise lawful, for
the use of its streets, alleys, and public ways by a
public utility in the conduct of its business, and
each such city shall have such right and power; but
any such charges, whether designated as rentals or

otherwise, and whether measured by gross receipts, units of installation, or in any manner, shall not in the aggregate exceed the equivalent of two (2) per cent of the gross receipts of such utility within such municipality derived from the sale of gas, electric energy, or water. Any special taxes, rentals, contributions, or charges accruing after the effective date of this Act, under the terms of any pre-existing contract or franchise, against any utility paying an occupation tax under this Article, when paid to any such city, shall be credited on the amount owed by such public utility on any charge or rental imposed for the use of streets, alleys, and public ways, levied by ordinance, and accruing after the effective date of this Act; provided that where valid ordinances have been enacted heretofore by cities imposing a charge or rental in excess of two (2) per cent of the gross receipts of such utilities, nothing herein shall be construed so as to prohibit the collection of such sums as may be due said cities thereunder from the date of said ordinances up to the times this Article shall become effective."

Thus, we see that the power to impose occupation taxes on the businesses named in the above mentioned statutory provisions is expressly denied to cities or other political subdivisions of this state. It follows that there is no city tax under these provisions in which the city schools are entitled to participate.

Article XX of House Bill 8 provides for the disposition and allocation of revenue derived and collected under Articles IV and V. One-fourth of such revenue is to be deposited with the State Treasurer to the credit of the Available School Fund. The balance of the revenue is to be deposited in a Clearance Fund in the Treasury. Then there are provisions for the appropriation, transfer, and allocation of certain amounts of the moneys from the Clearance Fund to the Blind Assistance Fund, the Children Assistance Fund, the Teacher Retirement System, the Old Age Assistance Fund, and the General Revenue Fund.

Honorable T. M. Trimble, Page 4

If the statutory provisions which we have considered are not the ones to which you have reference, please notify us.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 15 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

By _George W. Sparks_
George W. Sparks

GWS:WFS



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN